## UNITED STATES v. FLASPOLLER.

(District Court, E. D. Louisiana. May 3, 1913.)

No. 2,859.

PROSTITUTION (§ 3*)—WHITE SLAVE ACT—CONSTRUCTION—INDICTMENT—"ANY OTHER IMMORAL PURPOSE"—"PROSTITUTION."

The White Slave Act (Act June 25, 1910, c. 395, 36 Stat. 825 [U. S. Comp. St. Supp. 1911, p. 1343]) prohibits the transportation, etc., of women in interstate commerce "for the purpose of prostitution or debauchery or any other immoral purpose." *Held*, that the words "any other immoral purpose," though construed in accordance with the rule of ejusdem generis, were satisfied by an indictment charging that accused persuaded a woman

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to go from one state to another for the purpose of engaging in illicit intercourse, cohabitation, and concubinage with accused; illicit cohabitation and concubinage being immoral acts analogous to prostitution within the letter of the act.

[Ed. Note.—For other cases, see Prostitution, Cent. Dig. § 3; Dec. Dig. § 3.*

For other definitions, see Words and Phrases, vol. 6, pp. 5740, 5741.]

Henry Flaspoller was indicted for violating the White Slave Act (Act Cong. June 25, 1910, c. 395, 36 Stat. 825 [U. S. Comp. St. Supp. 1911, p. 1343]). On demurrer to indictment. Overruled.

Charlton R. Beattie, U. S. Atty., and Louis H. Burns, Asst. U. S. Atty., both of New Orleans, La.

Frank T. Echezabal, of New Orleans, La., for defendant.

FOSTER, District Judge. In this matter the accused was indicted on three counts for violations of the act of Congress of June 25, 1910, known as the White Slave Act, which prohibits the transportation, etc., of women in interstate commerce "for the purpose of prostitution or debauchery or any other immoral purpose." The indictment follows the language of the statute and is in sufficient detail; so that it is good in law, unless the statute be construed as prohibiting only the transportation, etc., for the purpose of prostitution, and the phrase "or for any other immoral purpose" be given no effect whatever. Under the strictest rules of construction, where specific and general terms are mingled in a penal statute, the meaning of the general terms is narrowed to conform to the meaning of the specific terms, but they cannot be entirely disregarded. See Bishop on Statutory Crimes, par. 245 et seq. But the most narrow construction would not affect the validity of this indictment under the statute in question. The indictment sets out that the woman was persuaded to go from one state to another for the purpose of engaging in illicit intercourse, cohabitation, and concubinage with the accused. Certainly illicit cohibitation and concubinage are immoral acts analogous to prostitution, and come well within the letter of the statute.

The White Slave Act has been held to be constitutional (see Hoke and Economides v. United States, 227 U. S. 308, 33 Sup. Ct. 281, 57 L. Ed. ——, decided by the Supreme Court February 24, 1913), and is but a further declaration of the public policy of the United States as originally expressed in the immigration acts. In my opinion the case is on all fours with that of United States v. Bitty, 208 U. S. 393, 28 Sup. Ct. 396, 52 L. Ed. 543, and the interpretation of the statute must be controlled by that decision.

The demurrer will be overruled.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes